IN THE COURT OF CRIMINAL APPEALS

OF TEXAS






PD-0798-08






ANNE ELIZABETH MURPHY, Appellant


v.


THE STATE OF TEXAS






On Disrectionary Review of Case 01-07-00174-CR

of the First Court of Appeals

Harris County





 Womack, J., filed a dissenting opinion, in which Meyers, Price, and Holcomb,
JJ., joined.



 A statute, section 12.31(b) of the Penal Code, requires that the jury in a capital-murder
trial such as this one "shall be informed  that a sentence of life imprisonment without parole is
mandatory on conviction of the capital felony." The trial court refused to obey the statute.

 The Court says the error was harmless because the "appellant has failed to show that she
was deprived of a jury that was composed of legally qualified members. The failure to provide
information to which the jury panel was entitled by statute did not affect the legal qualifications
of any of the venire members." Supra, at 9.

 The Court does not explain why it thinks the statute is limited to discovering the legal
qualifications of the venire members.

 I should think that the statute might well be intended to let the jury know that the
consequence of a guilty verdict would be a punishment more severe than any other than death.
This is information the legislature and the governor wanted the jury to have, and which the trial
court had no authority to deny.

 I respectfully dissent.


Delivered October 21, 2009.

Do not publish.